## KENNEDY et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 10, 1924.)

No. 5854.

**Indians ⊜⇒38(7)—Imposition of punishment under National Prohibition Act for introducing liquor into Indian country held error.**

Punishment for offense of possessing intoxicating liquor in Indian country, in violation of Act July 23, 1892 (Comp. St. § 4136a), Act Jan. 30, 1897 (Comp. St. § 4137), and Act May 25, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4137aa), is fixed by those acts, and the fixing of more severe punishment under National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) was error.

In Error to the District Court of the United States for the Western District of Oklahoma; David P. Dyer, Judge.

A. P. Kennedy and others were convicted of the possession of intoxicating liquors in the Indian country, and they bring error. Remanded for resentence.

P. D. Brewer, of Oklahoma City, Okl. (Everest, Vaught & Brewer, of Oklahoma City, Okl., and F. F. Nelson and James P. Gilmore, both of Tulsa, Okl., on the brief), for plaintiffs in error.

W. A. Maurer, U. S. Atty., and J. W. Scothorn and Roy St. Lewis, Asst. U. S. Attys., all of Oklahoma City, Okl.

Before SANBORN and KENYON, Circuit Judges, and POLLOCK, District Judge.

SANBORN, Circuit Judge. The writ of error in this case challenges the legality of the conviction and sentences of the plaintiffs in error, the defendants below, for the offense of the possession of intoxicating liquor in the Indian country on July 24, 1920. They were indicted, tried, convicted, and each of them was sentenced to confinement in jail for six months and to pay a fine of $1,000 for having 18 quarts of whisky in his possession in the Indian country on the 24th day of July, 1920, in violation of the Act of July 23, 1892, section 4136a, Compiled Statutes, and its amendments (United States v. Wright, 229 U. S. 226, 33 S. Ct. 630, 57 L. Ed. 1160; Joplin Mercantile Co. v. United States, 236 U. S. 531, 35 S. Ct. 291, 59 L. Ed. 705), the act of January 30, 1897, section 4137, Compiled Statutes, and the act of May 25, 1918, section 4137aa, Comp. St. 1918, Comp. St. Ann. Supp. 1919, which have made possession of intoxicating liquor in the Indian country a criminal offense and prescribed a punishment therefor of imprisonment for not exceeding two years and a fine of not exceeding $300 for the first offense. The of-

fense of these defendants was their first offense. The defendants contended that their conviction and sentences were erroneous because the parts of the acts cited above which created the crime of and fixed the punishment for having possession of intoxicating liquor in the Indian country were superseded and repealed before the 24th day of July, 1920, by the enactment of the National Prohibition Act of October 28, 1919, 41 Statutes at Large, 305, title 2, §§ 3, 25, 29, 33, and 35 (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½m, 10138½p, 10138½v). This court certified the question presented by this contention to the Supreme Court, and that court has answered that no such supersession or repeal was effected by the National Prohibition Act.

Counsel for the defendants, however, further contend that each of the sentences is excessive because the extent of the sentence for the offense under the old act, for a violation of which they were indicted and convicted, was imprisonment not exceeding two years and a fine not exceeding $300, and the fine imposed upon each of them in this case is $1,000. This was a plain error. They could not lawfully be punished for an offense in violation of the old act by a greater fine than that act prescribed because the new act prescribed a heavier fine for a violation of that act, for a violation of which they were neither indicted nor tried. Let this case therefore be remanded to the court below, with directions to set aside that part of each of the sentences which imposes a fine of $1,000 and impose in lieu thereof a fine not exceeding $300.